UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN DURAND, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 13-11745-JLT |
| MASSACHUSETTS BAY COMMUTER | * |
| RAILROAD COMPANY, | * |
| | * |
| Defendant. | * |

MEMORANDUM

March 26, 2014

TAURO, J.

I.  Introduction

Plaintiff Brian Durand brought suit against his former employer, Defendant Massachusetts Bay Commuter Railroad Company, alleging that Defendant breached its employment contract with Plaintiff through wrongful termination and violation of the Railway Labor Act (the "RLA"). Presently at issue are Defendant's Motion to Dismiss [#4] and Plaintiff's Motion to Amend Complaint [#18]. For the following reasons, Defendant's Motion to Dismiss is ALLOWED and Plaintiffs' Motion to Amend Complaint is DENIED.

II.  Background[1]

Plaintiff served as assistant conductor for Defendant's commuter rail service.[2] On

---

[1] Because the issues analyzed here arise in the context of a motion to dismiss, this court presents the facts as they are related in Plaintiff's Complaint, see Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most favorable to Plaintiff, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

[2] Compl. ¶ 5 [#1].

October 6, 2010, Plaintiff reported to work before 6:20 a.m., at which point he began to feel ill.[3] Prior to the train's departure from its originating terminal at Forge Park, Massachusetts, Plaintiff reported his illness to Richard McGinn, his superior.[4] Because of Plaintiff's condition, McGinn directed Plaintiff to commute on the train to Boston's South Station and then end his work day early.[5] Upon reaching South Station, Plaintiff contacted the dispatching office and informed a representative of his illness and inability to work for the remainder of the day.[6] Plaintiff alleges that McGinn later falsely stated to Defendant that Plaintiff had not reported to work on October 6, 2010 and did not ride the train to South Station.[7] Defendant then terminated Plaintiff's employment.[8]

Following his termination, Plaintiff contacted passengers who had seen him on the train leaving from Forge Park on October 6, 2010 at or around 6:20 a.m.[9] Plaintiff produced numerous letters and affidavits from those passengers and presented them to Defendant in an effort to convince Defendant to reinstate him.[10] Defendant nevertheless adhered to its initial decision to terminate Plaintiff's employment.[11]

---

[3] Compl. ¶ 6 [#1].

[4] Compl. ¶ 7 [#1].

[5] Compl. ¶¶ 8-9 [#1].

[6] Compl. ¶ 10 [#1].

[7] Compl. ¶¶ 11-12 [#1].

[8] Compl. ¶ 13 [#1].

[9] Compl. ¶ 14 [#1].

[10] Compl. ¶ 14 [#1].

[11] Compl. ¶ 15 [#1].

Plaintiff and Defendant are parties to a collective bargaining agreement (the "CBA").[12] Plaintiff contends that Defendant breached the CBA when it failed to adhere to the required grievance process and terminated him for "vindictive and wrongful reasons."[13] Plaintiff claims that, pursuant to the CBA, he has complied with all administrative requirements prior to filing this action.[14] Although the Complaint does not fully convey the extent to which Plaintiff and Defendant arbitrated this dispute before seeking this court's judgment, Plaintiff acknowledges in his Motion to Amend Complaint that his claims were previously heard by a Public Law Board (the "PLB").[15] The PLB denied Plaintiff's claims and refused to reinstate him as assistant conductor.[16] Plaintiff claims that the PLB engaged in "fraud and corruption" when it ignored the affidavits that he procured after his termination.[17] Plaintiff further alleges that he has suffered damages exceeding $200,000.[18]

III.   Discussion

   A.   Defendant's Motion to Dismiss

Defendant moves for dismissal on the ground that the RLA preempts this court's subject matter jurisdiction.[19] If an employee and a carrier cannot resolve a "minor dispute" independently, the RLA provides a means for arbitration of such dispute through an "Adjustment

---

[12] See Compl. ¶ 18 [#1].

[13] Compl. ¶ 15 [#1].

[14] Compl. ¶ 16 [#1].

[15] See Pl.'s Mot. Amend Compl., 4-6 [#18].

[16] Pl.'s Mot. Amend Compl., 5-6 [#18].

[17] Pl.'s Mot. Amend Compl., 5-6 [#18]

[18] Compl. ¶ 21 [#1].

[19] Def.'s Mot. Dismiss, 1 [#4].

3

Board."[20] In Atchison, Topeka & Santa Fe Railway. Co. v. Buell, the Supreme Court indicated that PLBs have the same authority as "Adjustment Boards."[21] Disputes heard by an adjustment board, or a PLB, are subject only to review by a district court.[22] District courts presented with labor disputes governed by the RLA, therefore, lack subject matter jurisdiction to act as a court of first impression.[23]

Plaintiff concedes that, pursuant to the RLA, the CBA required this minor dispute to be initially heard by a PLB.[24] Having had his claims heard by a PLB, therefore, Plaintiff is barred from relitigating this dispute in this court, although he may request that this court review the

---

[20] 45 U.S.C. § 153(i) (2012) ("[F]ailing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes."); Andrews v. Louisville & N.R.R. Co., 406 U.S. 320, 325 (1972) (finding that the RLA provides the only resolution process for minor disputes between carriers and employees). The Supreme Court defined "minor disputes" as those that "affect the smaller differences which inevitably appear in the carrying out of major agreements and policies or arise incidentally in the course of an employment. They represent specific maladjustments of a detailed or individual quality." Elgin, J. & E. Ry. Co. v. Burley, 325 U.S. 711, 724 (1945).

[21] See Atchison, Topeka & Santa Fe Ry. Co. v. Buell, 480 U.S. 557, 563 (1987) ("Minor disputes initially must be dealt with through a railroad's internal dispute resolution processes, and if not settled there, may be submitted to a division of the Adjustment Board, or to a Public Law Board, which is an arbitration board chosen by the parties."); see also Merchants Despatch Transp. Corp. v. Sys. Fed'n No. One Ry. Emps.' Dep't AFL-CIO Carmen, 551 F.2d 144, 147 (7th Cir. 1977) ("These boards are commonly referred to as 'public law boards' . . . .").

[22] 45 U.S.C. § 153(q) (2012) ("If any employee or group of employees, or any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award or by the failure of the division to include certain terms in such award, then such employee or group of employees or carrier may file in any United States district court . . . a petition for review of the division's order. . . . The Adjustment Board shall file in the court the record of the proceedings on which it based its action. The court shall have jurisdiction to affirm the order of the division, or to set it aside, in whole or in part, or it may remand the proceedings to the division for such further action as it may direct.").

[23] See Atchison, 480 U.S. at 563.

[24] See Pl.'s Opp. Def.'s Mot. Dismiss, 3 [#10].

PLB's decision. Plaintiff's Complaint, however, makes no such request.[25] Plaintiff's Complaint, therefore, warrants dismissal on the grounds that the RLA plainly bars this court from rehearing this dispute.

      B.      Plaintiff's Motion to Amend Complaint

Having been presented with Defendant's Motion to Dismiss, Plaintiff now contends that this action is an appeal of the PLB's decision and contests the legitimacy of both the PLB that initially arbitrated this dispute and the decision the PLB rendered.[26] The RLA, however, limits a plaintiff's ability to appeal a PLB's decision. Review of a PLB decision is "among the narrowest known to law."[27] Courts recognize just four instances where judicial review of a PLB decision is permitted:

> Generally speaking, a federal court has jurisdiction to review the [a PLB's] decision only when it is asserted that (1) the [PLB] failed to comply with the requirements of the Railway Labor Act; (2) the [PLB] failed to confine itself to matters within its own jurisdiction; or (3) the [PLB] or one of its members engaged in fraud or corruption. . . . [W]e have also recognized a fourth category of objections that supply jurisdiction over the award—an allegation that a party was denied due process.[28]

Courts have held that the "fraud or corruption" category is narrow in scope. This category requires a showing of egregious fraud such as bribery, bias, and other forms of "extrinsic" fraud that could not be "brought to the arbitration board's attention at the time of the hearing."[29] The

---

[25] See generally Compl. [#1].

[26] See Pl.'s Opp. Def.'s Mot. Dismiss, 4 [#10].

[27] Union Pac. R.R. Co. v. Sheehan, 439 U.S. 89, 91 (1978).

[28] Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 839 (7th Cir. 1999).

[29] Zurawski v. Se. Pa. Transp. Auth., No. 2:08-cv-05040, 2010 WL 1946922 (E.D. Pa. May 10, 2010), aff'd, 441 F. App'x 133 (3d Cir. 2011); see, e.g., Pitts v. Nat'l R.R. Passenger Corp., 603 F. Supp. 1509, 1517 (N.D. Ill. 1985) ("The reason for allowing appeal of a public law board decision tainted by fraud is to allow a district court to correct errors not preventable by the

mere "sufficiency of the evidence comprising the foundation of [a PLB's] decision is not reviewable."[30]

Pursuant to the RLA, this court would have subject matter jurisdiction had Plaintiff's Complaint sought review of the PLB's decision. Plaintiff, therefore, seeks to amend his Complaint in an effort to construct a viable cause of action. Although plaintiffs are generally permitted to amend their complaints, courts need not allow amendment if doing so would be futile.[31] In this case, an amendment to Plaintiff's Complaint would be futile because Plaintiff has failed to allege facts that would permit this court to review the PLB's decision and, therefore, failed to state a claim for which relief may be granted. Plaintiff merely makes conclusory allegations of "fraud or corruption of the [PLB]," which is "evidenced by its decision."[32] Additionally, Plaintiff claims that the PLB ignored some of the evidence he presented to it.[33] The PLB's weighing of the evidence, however, is not reviewable and does not fit within the RLA's parameters for judicial review of a PLB's decision.[34] Other than his threadbare allegations of the PLB's fraud and corruption,[35] Plaintiff's proposed amended allegations essentially seek to have

---

litigants themselves. A typical example of this type of misbehavior (often called 'extrinsic fraud') is where one party obtains a favorable decision by bribing the judge, or perhaps more pertinent here, where the carrier representative bribes the neutral board member. In that situation, no matter what the other party argues he is doomed to lose because the case is not being decided on its merits."); Pac. & Arctic Ry. & Nav. Co. v. United Transp. Union, 952 F.2d 1144, 1147-49 (9th Cir. 1991).

[30] Anderson v. Nat'l R.R. Passenger Corp. (Amtrak), 754 F.2d 202, 204 (7th Cir. 1984).

[31] E.g., Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001).

[32] Pl.'s Mot. Amend Compl., 6 [#18].

[33] Pl.'s Mot. Amend Compl., 5 [#18].

[34] See, e.g., Pokuta, 191 F.3d at 839.

[35] Of course, a complaint is insufficient if it offers "'naked assertion[s]' devoid of 'further factual

this court rehear the claims that the PLB has already heard and rejected. Because, even if the Complaint is amended, Plaintiff fails to state a claim for which relief may be granted, Plaintiff's Motion to Amend Complaint is DENIED as futile.

IV.  Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is ALLOWED and Plaintiff's Motion to Amend Complaint is DENIED.

AN ORDER HAS ISSUED.

/s/ Joseph L. Tauro
United States District Judge

---

enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).